UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RAUSCH STURM LLP,

        Plaintiff,

v.                                                  Case No. 22-cv-0077-bhl

KEVIN A JOB,

        Defendant.

## ORDER DENYING MOTION TO DISMISS

        In response to Plaintiff Rausch Sturm LLP's efforts to collect debts from him, Defendant Kevin A. Job filed a fraudulent UCC-1 form with the Wisconsin Secretary of State, asserting non-existent liens against Rausch Sturm's assets. (*See* ECF No. 1.) Rausch Sturm then brought this lawsuit, seeking declaratory and injunctive relief, as well as at least $200,000 in damages. (*Id.*) While Job admits all the pertinent facts, he insists the whole ordeal is just one big misunderstanding and has moved for dismissal. (*See* ECF No. 10.) Misunderstanding or not, nothing in Job's motion suggests a legal basis for dismissal, so his request will be denied.

## BACKGROUND[1]

        In the summer of 2021, U.S. Bank hired Rausch Sturm to help collect Job's elusive, past-due debt. (ECF No. 1 ¶¶5-6.) On August 18, 2021, Rausch Sturm mailed a collection letter to Job's South Dakota address, informing him that he was in arrears and explaining his payment options. (*Id.* ¶6; ECF No. 10-1 at 2.) In response, on September 5, 2021, Jobs filed a UCC-1 financing statement with the Wisconsin Secretary of State, falsely claiming a $100,000 security interest in the assets of Rausch Sturm and its former employee Gregory W. Enerson. (ECF No. 1 ¶¶7-8.) This is apparently not the first time he has done this; Rausch Sturm reports that he has made similar claims in Minnesota and Texas. (*Id.* ¶9; ECF No. 1-1 at 2.) Unwilling to suffer a fraudulent lien on its property, Rausch Sturm commenced this action, seeking declaratory and injunctive relief as well as damages for tortious interference with business relations and

---

[1] This Background is derived from Rausch Sturm's complaint, ECF No. 1, the allegations in which are presumed true for purposes of the motion to dismiss. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007).

conversion/trespass to chattel. (ECF No. 1 ¶¶13-18.) Job has moved to dismiss the entire lawsuit. (ECF No. 10.)

## LEGAL STANDARD

When deciding a Rule 12(b)(6) motion to dismiss, the Court must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiff['s] favor." *Roberts v. City of Chi.*, 817 F.3d 561, 564 (7th Cir. 2016) (citing *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013)). A complaint will survive if it "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In evaluating plausibility, the Court looks to the complaint as well as "documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

## ANALYSIS

Job's motion actually concedes most of the allegations in the complaint. (ECF No. 10 at 2-3.) He did, in fact, file a fraudulent UCC-1 against Rausch Sturm and Enerson, but he purportedly did so "as a means to record a commercial communication between the parties." (ECF No. 10-1 at 14.)[2] Suggesting some skepticism toward the validity of his own explanation, however, upon learning of this lawsuit, Job claims he "took immediate corrective action" and moved to terminate his financing statement. (ECF No. 10 at 2.) The only evidence of this is an unauthenticated document attached to the motion to dismiss. (ECF No. 10-1.) As Rausch Sturm notes, such documentation is not properly before the Court at this stage of the proceedings. *See Williamson*, 714 F.3d at 436 (permitting courts to consider only documents that are central to the complaint and referred to in it when deciding a Rule 12(b)(6) motion). Even if the Court were to consider Job's submission, it would not, as Job proclaims, render all of Rausch Sturm's claims moot. (ECF No. 10 at 3.) Rausch Strum seeks declaratory and injunctive relief plus damages for

---

[2] Rauch Sturm argues that Job's misuse of the Uniform Commercial Code implies membership in a movement of so-called "sovereign citizens," who are frequent frivolous litigators in this and other courts. *See* J.M. Berger, *Without Prejudice: What Sovereign Citizens Believe*, at 5-6 (June 2016) https://extremism.gwu.edu/sites/g/files/zaxdzs2191/f/downloads/JMB%20Sovereign%20Citizens.pdf. Whether he is part of this movement or not is irrelevant to the lack of legal merit in Job's motion to dismiss.

tortious interference with business relations, injury to business under Wis. Stat. Section 134.01, and conversion or, in the alternative, trespass to chattel. (ECF No. 1 ¶¶13-18.) Job's admitted penchant for abusing the UCC only enhances the case for Rausch Sturm's proposed prospective remedies. And withdrawing his bogus lien does not mean he did not commit a tort, nor does it completely eliminate damages.[3]

## CONCLUSIONS

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Kevin A. Job's Motion to Dismiss, ECF No. 10, is **DENIED**.

Dated at Milwaukee, Wisconsin on January 26, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

[3] The Court questions whether Rausch Sturm's complaint plausibly alleges claims for tortious interference or injury to business under Wis. Stat. Section 134.01. "A claim for tortious interference with a contract has five elements," the most obviously fundamental of which is that "the plaintiff had a contract or prospective contractual relationship with a third party." *Neri v. Pinckney Holdings, LLC*, 2014 WL 958875, at *2 (Wis. Ct. App. Mar. 13, 2014) (quoting *Brew City Redevelopment Grp., LLC v. Ferchill Grp.*, 724 N.W.2d 879, 888 n.9 (Wis. 2006)). Rausch Sturm does not appear to allege the existence of any such contract. Similarly, Wis. Stat. Section 134.01 is a conspiracy statute that punishes "[a]ny 2 or more persons who . . . injur[e] another in his or her reputation, trade, business or profession." Although the complaint refers to two aliases that Job uses, a person cannot conspire with himself, even by use of more than one moniker. Because Job does not argue for dismissal on these grounds, the Court will allow these claims to proceed for now.