UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

RAUSCH STURM LLP,

          Plaintiff,

v.                                                                        Case No. 22-cv-0077-bhl

KEVIN A JOB,

          Defendant.
_____

# ORDER
_____

        In response to Plaintiff Rausch Sturm LLP's efforts to collect debts from him, Defendant Kevin A. Job filed a fraudulent UCC-1 form with the Wisconsin Secretary of State, asserting non-existent liens against Rausch Sturm's assets. (*See* ECF No. 1.) Rausch Sturm then brought this lawsuit, seeking declaratory and injunctive relief, as well as at least $200,000 in damages. (*Id.*) Rausch Sturm subsequently survived a motion to dismiss and Job survived the Clerk of Court's entry of default against him. (*See* ECF Nos. 15, 24.) The parties have now reached a settlement and ask the Court to enter an order and judgment incorporating the terms of the settlement agreement. (ECF No. 29.) While it is proper for the parties to make this request, the decision to incorporate the terms of the settlement is within the Court's discretion. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994). The Court declines to do so.

        Settlement agreements are governed by contract law. *See Jones v. Ass'n of Flight Attendants-CWA*, 778 F.3d 571, 573 (7th Cir. 2015). "Suits for breach of contract, including those to enforce ordinary settlements, arise under state law." *Id.* "They cannot be adjudicated in federal court unless there is an independent basis of subject-matter jurisdiction" or the Court incorporates the terms of the agreement into a judicial order or consent decree. *Id.* Doing so allows the Court to retain subject-matter jurisdiction after dismissal of the case. However, the principles of federalism caution the Court against doing so without good cause. Rausch Sturm is a sophisticated party with every opportunity to pursue a breach of contract claim if Job does not honor the terms of the settlement. Incorporating the terms of the settlement would do little more than artificially continue the Court's jurisdiction over a matter that is no longer an active case or controversy. *See*

U.S. Const. art. III, § 2. Accordingly, the Court will decline to enter an order incorporating the terms of the settlement agreement set forth in the parties' Settlement Stipulation. The Court will allow the parties 30 days to file an updated stipulation for dismissal.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that, on or before **November 19, 2023**, the parties must file either an updated stipulation of dismissal in compliance with this order, or a status report explaining their inability to file such a stipulation.

Dated at Milwaukee, Wisconsin on October 19, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge